Wright, J.,
delivered tbe opinion of tbe Court.
This is a bill filed by tbe complainant, as tbe administrator of Robert Donnell, for tbe recovery of certain notes and money in tbe possession of tbe defendant, wbicb, it is alleged, belong to tbe estate of tbe intestate.
Tbe defendant claims tbe notes and money as a gift from tbe intestate, wbo was bis brother.
Tbe bill attacks tbe defendant’s title upon tbe ground that no gift was made; and if made, that it was obtained from tbe intestate, whose mind bad become so impaired as to be incapable of business, by fraud and’ undue influence.
It is alleged that tbe endorsements of tbe intestate to tbe defendant, upon tbe notes held by him, were fraudulently obtained by him; and in tbe proof taken by complainant, be attempts to establish that these endorsements were, in fact, never made by tbe intestate.
It is shown that tbe intestate, wbo was never married, lived with defendant for some years previous to-bis death, and was nursed and taken care of by him.
It is also shown that defendant bad access to bis papers and money. And though the intestate bad been attacked with paralysis, be was, nevertheless, a man of strong will and intellect, who acted for himself, and looked closely after his interest.
Much proof has been taken on both sides, but we do not deem it necessary to review it in detail.
*269 We" think, from the entire record, it is established that the intestate was of sound mind, and entirely competent to make to defendant the gifts set up in his answer.'
Indeed this is not seriously questioned, and cannot be.
Moreover, the proof shows to our satisfaction that the endorsements, in the name of the intestate upon the notes claimed by the defendant, are authentic, and were made by him, and intended as gifts from the intestate to defendant; and that defendant is entitled to both the notes and money claimed in his answer, as gifts from the intestate. In so holding" we carry out the declared purpose of the intestate.
His hand-writing and signature to the endorsements are proved b y many witnesses; and, that he had made the gifts, he declared to several witnesses whose testimony is in the record.
The proof extends to the money as well as the notes claimed by defendant.
It not only shows a purpose to give, but that the gift had been actually executed.
Indeed, upon reading the bil, it is manifest it was not seriously intended to call in question the fact that Robert Donnell had made the endorsements.
The case is put upon his want of capacity, and that advantage had been taken of him by the defendant.
But there is no reason to ■ suppose that he was, in any way, improperly influenced or imposed upon.
We have, then, particular ,and specific proof of the gifts; the declarations of the intestate that he had given the money and notes by name, and had endorsed them. *270 Most of the notes are filed, and the endorsements' of the intestate found upon them and established bj the weight of the proof.
In opposition to this, complainant has filed a mass of proof showing that defendant did' not claim those notes after the date of the endorsement, but treated them, as well as the money, as the property of the intestate, down, almost, to the period of his death.
And it must be admitted that this proof is very strong against the defendant.
On the other hand, he alleges that he pursued this course because it was the wish of his brother that he should do so. And he shows that he did frequently speak of these gifts.
Strong as is the complainant’s proof, we do ■ not think it sufficient to overturn the evidence for the defendant.
We feel constrained to hold that the gift in favor of defendant is established. Brunson v. Brunson, Meigs’ Rep., 630.
Decree affirmed.